OPINION
{¶ 1} Appellant, Dane A. Azbill, appeals from the August 17, 2005 judgment entry of the Lake County Court of Common Pleas, in which he was sentenced for vehicular homicide and failure to stop after an accident.
 {¶ 2} On May 6, 2005, appellant was indicted by the Lake County Grand Jury on three counts: count one, vehicular homicide, a misdemeanor of the first degree, in violation of R.C. 2903.06(A)(3)(a); count two, failure to stop after an accident, a felony of the third degree, in violation of R.C. 4549.02(A); and count three, failure to maintain assured clear distance ahead, a minor misdemeanor, in violation of R.C. 4511.21(A).[1] On May 17, 2005, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} A change of plea hearing commenced on June 20, 2005. Appellant withdrew his former not guilty plea, and entered oral and written pleas of guilty to counts one and two. On June 22, 2005, the trial court accepted appellant's guilty plea with respect to counts one and two, and entered a nolle prosequi on count three.
 {¶ 4} Pursuant to its August 17, 2005 judgment entry, the trial court sentenced appellant to a prison term of six months on count one and five years on count two, to be served concurrent with each other. The trial court suspended appellant's driver's license for five years on count one and three years on count two, to be concurrent with each other, effective on July 1, 2010. The trial court further notified appellant that post release control is optional up to a maximum of three years as well as the consequences for violating the conditions imposed by the Parole Board under R.C. 2967.28. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 5} "[1.] The trial court erred by accepting appellant's guilty plea where such was not made knowingly, voluntarily, or intelligently.
 {¶ 6} "[2.] The trial court erred by imposing maximum sentences upon appellant, pursuant to R.C. 2929.14(B) (C), in violation of his Sixth Amendment right to a jury trial."
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred by accepting his guilty plea, which was not made knowingly, voluntarily, or intelligently, because there was a dispute over the quantity of alcohol consumed by him on the day at issue. Appellant asserts that appellee, the state of Ohio, believed that the evidence would show that he had consumed between six to six and a half beers. Appellant stresses, however, that he consumed a total of four and a half beers throughout the day.
 {¶ 8} Crim. R. 11(C)(2) addresses the requirements for guilty pleas and provides: "[i]n felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 9} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 10} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 11} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 12} "[A] defendant, who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made, must demonstrate a prejudicial effect of which the test is whether the plea would have otherwise been made." State v. Scarnati (Feb. 22, 2002), 11th Dist. No. 2001-P-0063, 2002 Ohio App. LEXIS 776, at 12, citing State v.Nero (1990), 56 Ohio St.3d 106, 107-108.
 {¶ 13} The Supreme Court of Ohio, in State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, syllabus, stated that: "[a] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim. R. 11 is presumed not to be prejudicial."
 {¶ 14} In the instant matter, appellant's written plea of guilty, signed by him and his counsel, shows that he was advised of his rights and that he agreed to waive them. It specifically provides: "I hereby state that I understand these rights and privileges and the possible consequences of a guilty plea. I hereby waive and reject all of these rights. I am voluntarily pleading guilty of my own free will. I understand that this written plea of guilty constitutes an admission * * *."
 {¶ 15} In addition, at the change of plea hearing, appellant stated that his counsel had gone over the charges with him, and indicated that he understood the plea. A review of the transcript from the plea hearing shows that the trial court engaged in the requisite Crim. R. 11 colloquy, and that appellant understood the nature of the charges.
 {¶ 16} The following exchange occurred between the trial judge and appellant:
 {¶ 17} "JUDGE LUCCI: The charges that you're proposing to plead guilty to are as follows: Count I says that on January 25th, 2005 in Madison Township, Lake County, Ohio, you did while operating or participating in the operation of a motor vehicle, * * * negligently cause[d] the death of [the victim]. That's called vehicular homicide. It's a misdemeanor of the 1st degree. It's in violation of [R.C.] 2903.06(A)(3)(a). Do you understand that charge?
 {¶ 18} "[Appellant]: Yes, sir.
 {¶ 19} "JUDGE LUCCI: And is that a charge to which you wish to plead guilty?
 {¶ 20} "[Appellant]: Yes, sir.
 {¶ 21} "JUDGE LUCCI: Count II says that * * * you, while operating a motor vehicle on a public road or highway, [were] involved in an accident to or collision with persons or property, and having knowledge of such accident or collision failed to immediately stop your motor vehicle at the scene * * * and notify the nearest police authority * * *. And then failed to remain at the scene of the accident or collision until a police officer arrived. * * * [T]he accident or collision that's the basis of the violation, resulted in the death of [the victim]. That's called failure to stop after an accident. It's a felony of the 3rd degree. It's a violation of [R.C.] 4549.02(A). Do you understand that charge?
 {¶ 22} "[Appellant]: Yes, sir.
 {¶ 23} "JUDGE LUCCI: And is that a charge to which you wish to plead guilty?
 {¶ 24} "[Appellant]: Yes, sir.
 {¶ 25} "* * *
 {¶ 26} "JUDGE LUCCI: Do you understand that a plea of guilty is a complete admission of guilt?
 {¶ 27} "[Appellant]: Yes, sir.
 {¶ 28} "JUDGE LUCCI: Do you voluntarily give up all the rights that I just explained to you, and wish to have this Court accept your plea of guilty to the vehicular homicide and the leaving the scene of an accident charges?
 {¶ 29} "[Appellant]: Yes, sir.
 {¶ 30} "JUDGE LUCCI: And by doing so, do you understand you're voluntarily giving up your liberty for whatever length of time I sentence you to prison, jail or community control?
 {¶ 31} "[Appellant]: Yes, sir.
 {¶ 32} "* * *
 {¶ 33} "JUDGE LUCCI: Has anyone made any promises or threats to you in order to get you to plead guilty?
 {¶ 34} "[Appellant]: No, sir.
 {¶ 35} "JUDGE LUCCI: Are you entering this plea freely and voluntarily?
 {¶ 36} "[Appellant]: Yes, sir."
 {¶ 37} The prosecutor later referenced that facts of the case and stated at the hearing that appellant consumed approximately six to six and a half beers on the day at issue. After the prosecutor's recitation, the trial judge asked appellant if what the prosecutor said was true and appellant responded, "I didn't have no 6 beers[.]" The trial judge asked appellant to tell his version, which he did in detail. Specifically, appellant asserted that throughout that day, he consumed a total of four and a half beers.
 {¶ 38} The following colloquy later took place between the trial judge and appellant:
 {¶ 39} "JUDGE LUCCI: What's your plea to Count I, vehicular homicide, a misdemeanor of the 1st degree?
 {¶ 40} "[Appellant]: Guilty, Your Honor.
 {¶ 41} "JUDGE LUCCI: What is your plea to Count II, failure to stop after an accident or collision, a felony of the 3rd
degree?
 {¶ 42} "[Appellant]: Guilty, Your Honor."
 {¶ 43} In the case at bar, appellant stresses that the trial court erred by accepting his guilty plea since the facts regarding the amount of alcohol consumed by him were disputed.
 {¶ 44} Appellant cites this court's decision in State v. Swift (1993),86 Ohio App.3d 407, for the proposition that a trial court has a duty to clear up any confusion when a defendant states that he or she did not commit acts which would indicate that a particular element of a crime occurred. The appellant in Swift indicated at his plea hearing that he did not believe that giving an ultimatum to the rape victim constituted the use of "force." Id. at 412. The trial court failed to explain what "force" was to the appellant and how his actions were sufficient to satisfy the requirement. Id. at 413. The record in Swift did not show if the appellant then understood and agreed. Id.
 {¶ 45} While we agree with appellant's reading of Swift, that case is distinguishable from the instant case. The confusion relied on by theSwift court is not present here. Appellant had an intelligent dialogue with the trial judge regarding the waiver of his Crim. R. 11 rights. Unlike Swift, in the case sub judice, appellant made a verbal indication that he understood the explanation the trial judge provided and the rights he was waiving by pleading guilty. Also, appellant displayed no confusion about the elements of the crime. See State v. Green (Sept. 17, 1999), 11th Dist. No. 97-T-0112, 1999 Ohio App. LEXIS 4322, at 9.
 {¶ 46} Appellant cannot demonstrate a prejudicial effect from the disputed quantity of beers consumed by him throughout the day at issue. Further, appellant stated that he thought he hit a mailbox. This does not negate the fact that he left the scene of the accident. The record does not establish that appellant asserted actual innocence. Rather, he admitted to consuming alcohol and pleaded guilty to the charges against him.
 {¶ 47} The trial court's dialogue with appellant was thorough and, by all indications, appellant, who was represented by counsel, understood the implications of his plea and the rights he was waiving. The trial court complied with the provisions of Crim. R. 11(C). Before accepting appellant's guilty plea, the trial court determined that appellant made his guilty plea voluntarily, and that he understood the nature of the charges against him and of the maximum penalty involved. Crim. R. 11(C)(2)(a). The trial court informed appellant of and determined that he understood the effect of his guilty plea, and that it could proceed with judgment and sentence. Crim. R. 11(C)(2)(b). Also, the trial court informed appellant and determined that he understood that by pleading guilty he was waiving his constitutional rights. Crim. R. 11 (C)(2)(c).
 {¶ 48} Nothing before this court leads us to conclude that appellant's plea was not knowing, voluntary, or intelligent. As such, the trial court did not err by accepting appellant's guilty plea.
 {¶ 49} Appellant's first assignment of error is without merit.
 {¶ 50} In his second assignment of error, appellant contends that the trial court erred by imposing more than the minimum and maximum sentences upon him, pursuant to R.C. 2929.14(B) and (C), in violation of his Sixth Amendment right to a jury trial.
 {¶ 51} In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's second assignment of error is with merit.
 {¶ 52} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d. 1, 2006-Ohio-856. In Foster, at paragraph one of the syllabus, the Supreme Court held that R.C. 2929.14(B) and (C) are unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000),530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.
 {¶ 53} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(B) and (C). After severance, judicial factfinding is not required before imposing more than the minimum or maximum sentences. Foster at paragraph two of the syllabus.
 {¶ 54} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 55} Appellant's second assignment of error is with merit.
 {¶ 56} For the foregoing reasons, with respect to appellant's first assignment of error, the judgment of the Lake County Court of Common Pleas is affirmed. Regarding appellant's second assignment of error, the sentence is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant toFoster.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] On January 25, 2005, appellant was traveling westbound on Lake Street in Madison Township, Ohio. His vehicle struck Matthew Barnes ("the victim") who was walking in the same direction. The impact killed the victim virtually instantaneously.