OPINION
{¶ 1} Appellant, Dane A. Azbill, appeals from the May 11, 2007 judgment entry of the Lake County Court of Common Pleas, in which he was resentenced for vehicular homicide and failure to stop after an accident.
 {¶ 2} On May 6, 2005, appellant was indicted by the Lake County Grand Jury on three counts: count one, vehicular homicide, a misdemeanor of the first degree, in violation of R.C. 2903.06(A)(3)(a); count two, failure to stop after an accident, a felony of the third degree, in violation of R.C. 4549.02(A); and count three, failure to maintain *Page 2 
assured clear distance ahead, a minor misdemeanor, in violation of R.C. 4511.21(A).[1] On May 17, 2005, appellant filed a waiver of the right to be present at his arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 3} A change of plea hearing commenced on June 20, 2005. Appellant withdrew his former not guilty plea, and entered oral and written pleas of guilty to counts one and two. On June 22, 2005, the trial court accepted appellant's guilty plea with respect to counts one and two, and entered a nolle prosequi on count three.
 {¶ 4} Pursuant to its August 17, 2005 judgment entry, the trial court sentenced appellant to a prison term of six months on count one and five years on count two, to be served concurrent with each other. The trial court suspended appellant's driver's license for five years on count one and three years on count two, to be concurrent with each other, effective on July 1, 2010. The trial court further notified appellant that post release control is optional up to a maximum of three years as well as the consequences for violating the conditions imposed by the Parole Board under R.C. 2967.28. It was from that judgment that appellant filed his first appeal, Case No. 2005-L-153, in which he asserted that the trial court erred by accepting his guilty plea as well as by imposing a maximum sentence upon him.
 {¶ 5} On December 22, 2006, this court affirmed in part, reversed in part and remanded the matter to the trial court. State v. Azbill, 11th Dist. No. 2005-L-153, 2006-Ohio-6886. Specifically, we held that the trial court did not err by accepting appellant's guilty plea, since it was knowingly, voluntarily, and intelligently made. Id. at ¶ 48. In *Page 3 
addition, we vacated appellant's sentence and remanded the case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Id. at ¶ 56.
 {¶ 6} According to this court's remand, a resentencing hearing was held on May 9, 2007, pursuant to Foster. In its May 11, 2007 judgment entry, the trial court reimposed appellant's initial sentence. It is from that judgment that appellant filed the instant appeal, in which he makes the following assignment of error for our review:
 {¶ 7} "The trial court erred by imposing the maximum sentence allowable by law on appellant."
 {¶ 8} In his sole assignment of error, appellant argues that the trial court erred by imposing the maximum sentence upon him. He stresses that he was never previously sentenced to a prison term or convicted of a felony on any prior occasion and should have only received the minimum sentence. Appellant maintains that the sentence imposed is unfair.
 {¶ 9} This court will review a felony sentence pursuant to the two-prong standard set forth by the Supreme Court of Ohio in State v.Kalish, Slip Opinion No. 2008-Ohio-4912.[2] The plurality preliminarily noted that "[s]ince Foster, the courts of appeals have adopted varied standards for reviewing trial court sentencing decisions, ranging from abuse of discretion * * * to a standard that considers whether the sentence is clearly contrary to law. State v. Burton, 10th Dist. No. 06AP-690, 2007-Ohio-1941." Id. at ¶ 3. The plurality held that "[i]n applying Foster to the existing statutes, appellate *Page 4 
courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶ 4.
 {¶ 10} In its analysis, the plurality in Kalish indicated the following at ¶ 9-17:
 {¶ 11} "Prior to Foster, there was no doubt regarding the appropriate standard for reviewing felony sentences. Under the applicable statute, appellate courts were to `review the record, including the findings underlying the sentence or modification given by the sentencing court. (* * *) The appellate court's standard for review (was) not whether the sentencing court abused its discretion.' R.C. 2953.08(G)(2).
 {¶ 12} "The statute further authorized a court of appeals to `take any action (* * *) if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.' Former R.C. 2953.08(G)(2), 2004 Am. Sub. H.B. No. 473, 150 Ohio Laws, Part IV, 5814.
 {¶ 13} "The obvious problem with the statute as written and its relation to Foster is the references to `the findings underlying the sentence' and to the determination `(t)hat the record does not support the sentencing court's findings.' Foster's result was to sever the portions of the statute that required judicial fact-finding to warrant a sentence beyond the minimum term in order to make Ohio's sentencing scheme compatible with the United States Supreme Court's decisions inBlakely v. Washington (2004), 542 U.S. 296 * * *, and United States v.Booker (2005), 543 U.S. 220 * * *. *Page 5 
Therefore, trial courts `have full discretion to impose a prisonsentence within the statutory range and are no longer required to makefindings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' (Emphasis added.) Foster,109 Ohio St.3d 1, 2006-Ohio-856 * * *, ¶ 100.
 {¶ 14} "As the passage cited above clearly indicates, Foster does not require a trial court to provide any reasons in imposing its sentence. For example, when imposing consecutive sentences prior toFoster, the trial court had to find that the sentence was necessary to protect the public and was not disproportionate to the seriousness of the offense and the danger the defendant posed to the public. R.C. 2929.14(E)(4). After Foster, a trial court can simply impose consecutive sentences, and no reason need be stated. Thus, a record afterFoster may be silent as to the judicial findings that appellate courts were originally meant to review under R.C. 2953.08(G)(2).
 {¶ 15} "Although Foster eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and2929.12. The trial court must still consider these statutes. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855 * * *, ¶ 38. `In addition, the sentencing court must be guided by statutes that are specific to the case itself.' Id. Furthermore, the trial court must still be mindful of imposing the correct term of postrelease control.
 {¶ 16} "Thus, despite the fact that R.C. 2953.08(G)(2) refers to the excised judicial-fact-finding portions of the sentencing scheme, an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence. Instead, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal *Page 6 
question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).
 {¶ 17} "If on appeal the trial court's sentence is, for example, outside the permissible statutory range, the sentence is clearly and convincingly contrary to law, and the appellate court's review is at an end. The sentence cannot stand. However, if the trial court's sentence is not contrary to law, what is the effect of R.C. 2929.11 and 2929.12
and their relevance to R.C. 2953.08(G)(2) and Foster[.]
 {¶ 18} "Because Foster now gives judges full discretion to impose a sentence within the statutory range without having to `navigate a series of criteria that dictate the sentence,' State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642 * * *, ¶ 25, the state's position that an abuse-of-discretion standard must be used is understandable. Although R.C. 2953.08 did not allow appellate courts to use the abuse-of-discretion standard of review, the statute prior toFoster was concerned with review of the trial court's factual findings under the now excised portions of the statute.
 {¶ 19} "R.C. 2929.11 and 2929.12, however, are not fact-finding statutes like R.C. 2929.14. * * * Instead, they serve as an overarching guide for [a] trial judge to consider in fashioning an appropriate sentence. In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. * * * Moreover, R.C. 2929.12 explicitly permits trial courts to exercise their discretion in considering whether its sentence complies with the purposes of sentencing. It naturally follows, then, to review the actual term of imprisonment for an abuse of discretion. Cf. State v.Stroud, 7th Dist. No. 07 MA 91, 2008-Ohio-3187, ¶ 63 (Donofrio, J., concurring in judgment). Therefore, assuming the trial court has complied with the applicable rules and statutes, the *Page 7 
exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to Foster." (Footnotes and parallel citations omitted.)
 {¶ 20} Applying the foregoing analysis to the instant matter, the trial court sentenced appellant pursuant to Foster. Thus, the trial court was not required to make any findings regarding sentencing appellant to the maximum term of imprisonment. However, the trial court was required to and did consider R.C. 2929.11 and R.C. 2929.12, as evidenced from the sentencing hearing as well as in its judgment entry.
 {¶ 21} The trial court stated in its May 11, 2007 sentencing order that it considered the record, oral statements, any victim impact statement, presentence report and/or drug and alcohol evaluation, as well as the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court indicated that for the reasons stated in the record, a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and that appellant is not amenable to an available community control sanction.
 {¶ 22} Again, appellant was sentenced to six months on count one, vehicular homicide, a misdemeanor of the first degree, and five years on count two, failure to stop after an accident, a felony of the third degree, to be served concurrently, which are within the statutory range for his crimes. R.C. 2929.24(A)(1) and R.C. 2929.14(A)(3).
 {¶ 23} The sentence imposed by the trial court on resentencing is not contrary to law. Under Kalish, the first prong is satisfied. As the trial court's decision was not clearly and convincingly contrary to law, we next review the trial court's resentencing of *Page 8 
appellant under the abuse of discretion standard, the second prong of the standard set forth in Kalish.
 {¶ 24} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. The term is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 25} Here, the sentencing transcript and judgment entry reveal that the trial court considered the relevant statutory considerations set forth in R.C. 2929.11 and 2929.12 in resentencing appellant. There is nothing in the record before us to suggest that the trial court's sentencing decision was unreasonable, arbitrary, or unconscionable.
 {¶ 26} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed. It is the further order of this court that costs are waived since appellant appears from the record to be indigent. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs,
DIANE V. GRENDELL, P.J., concurs in judgment only.
[1] On January 25, 2005, appellant was traveling westbound on Lake Street in Madison Township, Ohio. His vehicle struck Matthew Barnes ("the victim") who was walking in the same direction. The impact killed the victim instantaneously.
[2] We note that Kalish, an appeal from this court, State v.Kalish, 11th Dist. No. 2006-L-093, 2007-Ohio-3850 (O'Toole, J., concurring in part, dissenting in part) is a plurality opinion. Therefore, it is merely persuasive. State v. Bassett, 8th Dist. No. 90887, 2008-Ohio-5597, at ¶ 24, fn.2. Although the plurality indicated that this court did not review the sentence to ensure that the trial court clearly and convincingly complied with the pertinent laws, it nevertheless affirmed this court's judgment, albeit on different grounds. *Page 1