[Cite as *State v. Rea*, 2013-Ohio-3972.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0044** |
| DONNA M. REA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CR 511.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Gregory A. Price*, 137 South Main, Suite 300, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Donna M. Rea, appeals from her conviction on one count of illegal assembly or possession of chemicals for the manufacture of drugs ("illegal assembly"), in violation of R.C. 2925.041(A), a felony of the third degree. The charges stem from the purchase of 284 pseudoephedrine tablets between April 13, 2011 and October 23, 2011, and alleges they were purchased to manufacture methamphetamine.

{¶2} On December 15, 2011, the Ashtabula County Grand Jury indicted appellant on two counts of illegal assembly; one count of prohibition against purchasing pseudoephedrine in violation of R.C. 2925.55, a misdemeanor of the first degree; and one count of possessing drug abuse instruments in violation of R.C. 2925.12, a misdemeanor of the second degree. On May 25, 2012, appellant changed her plea from not guilty to guilty in exchange for the state dropping all counts except the first count of illegal assembly. Appellant was sentenced her to a 36-month prison term.

{¶3} Appellant timely appealed and raises the following assignments of error for our review:

{¶4} "[1.] The trial courts committed reversible error when they found that a third degree felony carries a presumption of prison.

{¶5} "[2.] Appellant received ineffective assistance of counsel when her trial counsel failed to correct the trial court's conclusion that a third degree felony carries a presumption of prison."

{¶6} The arguments under appellant's third assignment of error have been fully discussed in our opinion in case number 2012-A-0043. Therefore, we will not repeat it here. It is without merit as decided.

{¶7} Under her first assignment of error, appellant argues that the trial court's presumption that a third degree felony carries a presumption of prison is reversible error. We disagree.

{¶8} In reviewing a felony sentence, appellate courts must apply a two-step approach:

2

{¶9} "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4.

{¶10} "The first prong of the analysis instructs that 'the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).'" *State v. Stewart*, 11th Dist. Lake No. 2008-L-112, 2009-Ohio-921, ¶11, quoting *Kalish* at ¶14.

{¶11} "If a reviewing court is satisfied that the sentence is not clearly and convincingly contrary to law under the first prong, the court must then engage in the second prong of the analysis, which requires an appellate court to determine whether the trial court abused its discretion in selecting a sentence within the permissible statutory range." *Id*. at ¶14, citing *Kalish* at ¶17.

{¶12} R.C. 2925.041(C)(1) states as follows:

{¶13} "(C) Whoever violates this section is guilty of illegal assembly or possession of chemicals for the manufacture of drugs. Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a *felony of the third degree,* and, except as otherwise provided in division (C)(1) or (2) of this section, division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender. * * * If the violation of

3

division (A) of this section is a felony of the third degree under this division *and if the chemical or chemicals assembled or possessed in violation of division (A) of this section may be used to manufacture methamphetamine, there either is a presumption for a prison term for the offense or the court shall impose a mandatory prison term on the offender, determined as follows*:

{¶14} "(1) Except as otherwise provided in this division, *there is a presumption for a prison term for the offense.* * * * (Emphasis added.)

{¶15} None of the otherwise provided portions of the statute triggering a mandatory sentence are applicable.

{¶16} Accordingly, illegal assembly or possession of chemicals for the manufacture of methamphetamine is a felony of the third degree carrying a presumption of prison. The prison term for a third degree felony conviction is a range between one and five years. R.C. 2929.14(A)(3). Based on the foregoing, under the first prong of the *Kalish* test, appellant's sentence cannot be found to be clearly and convincingly contrary to law because there is a presumption of a prison term in the range of one to five years for appellant's offenses, and she was sentenced to three years.

{¶17} Additionally, the trial court stated that it considered the record, oral statements, any victim impact statements and pre-sentence investigation reports, as well as the principles and purposes of sentencing under R.C. 2929.11. The trial court, likewise, considered the statements made by trial counsel, appellant herself, and the statement of the Assistant Prosecutor. Given that the court gave substantial and careful thought to the relevant statutory considerations, we cannot say that the

4

imposition of appellant's sentence constitutes an abuse of discretion under the second prong of *Kalish*. Appellant's first assignment of error is without merit.

{¶18} Under her second assignment of error, appellant maintains that trial counsel's performance was constitutionally deficient for failure to object to the trial court's conclusion that a third degree felony carries a presumption of prison. Again, we disagree.

{¶19} Ohio has adopted the analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for determining whether counsel's performance was so defective as to require reversal of a conviction. *See State v. Bradley,* 42 Ohio St.3d 136, paragraph two of the syllabus (1989). In a claim of ineffective assistance of counsel, the two-pronged *Strickland* test places the burden on the defendant to prove that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland* at 687.

{¶20} "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of the syllabus.

{¶21} Appellant alleges that trial counsel was ineffective for failing to object to the trial court's conclusion that there is a presumption for a prison sentence. Based on our disposition of appellant's first assignment of error, counsel was not ineffective for failing to object as there is a presumption for a prison term. Accordingly, appellant has failed to show that trial counsel's performance was deficient. Appellant's second assignment of error is without merit.

5

**{¶22}** For the reasons stated in this opinion, it is the judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with Concurring/Dissenting Opinion.

**{¶23}** As stated in my concurring/dissenting opinion in Case. No. 2012-A-0043, I take exception with the fact that this case, Case No. 2012-A-0044, did not merge below with Case No. 2012-A-0043. I further take exception with the fact that this court did not later consolidate these cases for purposes of briefing and disposition. The charges in both cases include illegal assembly or possession of chemicals for the manufacture of drugs, all felonies of the third degree, all in violation of R.C. 2925.041(A), and all alleged to have been purchased to manufacture methamphetamine. Thus, based on the foregoing and on the facts at issue, I believe both cases should have merged and/or been consolidated.

**{¶24}** I concur with the majority with respect to appellant's second assignment of error regarding ineffective assistance of counsel. Under a plain error analysis, the representation of appellant's counsel did not fall below the standard expected of a licensed attorney in Ohio. *See State v. Bradley*, 42 Ohio St.3d 136, paragraph two of the syllabus (1989); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).

6

{**¶25**} However, I respectfully dissent regarding appellant's sentence under her first assignment of error, as the majority improperly applies *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, and the abuse of discretion standard, rather than clear and convincing, in light of H.B. 86. In any event, under either standard, the trial court committed error as the record shows that appellant, a non-violent offender, was amenable to treatment and the judge used the wrong standard in sentencing in placing on the record that appellant's sentence carried with it a presumption of prison.

{**¶26**} Prior to 2006, Ohio sentencing law created presumptions that offenders be given minimum, concurrent terms of incarceration. *See* former R.C. 2929.14(B), 2929.14(E)(4), 2919.19(B)(2), and 2929.41. These presumptions could be overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public. This judicial fact-finding was later called into question by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), where the United States Supreme Court held that judicial fact-finding could infringe upon a defendant's Sixth Amendment right to a jury trial because it invaded the fact-finding function of the jury.

{**¶27**} In 2006, the Ohio Supreme Court held that under *Apprendi* and *Blakely*, Ohio's sentencing statutes that required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms unconstitutionally infringed on the jury's function in violation of the Sixth Amendment. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. As a result, the Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and to order sentences to be served consecutively. *Id* at ¶99-100.

**{¶28}** In applying *Foster,* the Ohio Supreme Court later held in 2008 that appellate courts must apply a two-step procedure for review of a felony sentence. *Kalish, supra.* In the first step, the *Kalish* Court held that appellate courts shall examine the sentencing court's compliance with "all applicable rules and statutes in imposing the sentence" to determine whether the sentence is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G). *Id.* at ¶26. If this first step is satisfied, the Court held that the trial court's decision shall be reviewed under an abuse-of-discretion standard. *Id.*

**{¶29}** This writer notes that *Kalish*, an appeal from this court, *State v. Kalish*, 11th Dist. Lake No. 2006-L-093, 2007-Ohio-3850 (O'Toole, J., concurring in part, dissenting in part) is a plurality opinion. Therefore, it is merely persuasive. *See State v. Azbill*, 11th Dist. Lake No. 2007-L-092, 2008-Ohio-6875, citing *State v. Bassett*, 8th Dist. Cuyahoga No. 90887, 2008-Ohio-5597, ¶24, fn.2. Although the plurality in *Kalish* indicated that this court did not review the sentence to ensure that the trial court clearly and convincingly complied with the pertinent laws, it nevertheless affirmed this court's judgment, albeit on different grounds.

**{¶30}** Thereafter, in 2009, the reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160 (2009), where the United States Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court subsequently determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences in *State v. Hodge*, 128 Ohio St.3d 1,

8

2010-Ohio-6320. However, a trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *See Foster, supra,* at ¶36-42.

{¶31} On September 30, 2011, Ohio's sentencing statutes were revised pursuant to H.B. 86. The Ohio General Assembly enacted a new, but slightly different, requirement of judicial fact-finding under H.B. 86, containing many amendments to criminal sentencing provisions. For example, H.B. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4), requiring a trial court to make specific findings when imposing consecutive sentences. In addition, H.B. 86 reduced the maximum prison term for many third-degree felonies from five years to 36 months. As a result, we no longer apply the two-step analysis contained in the 2008 *Kalish* case to defendants sentenced after H.B. 86's enactment. Rather, we apply R.C. 2953.08(G) and the clear and convincing standard to determine whether the sentence is contrary to law. *See e.g. State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶10; *State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶5, fn.2; *State v. Kinstle*, 3rd Dist. Allen No. 1-11-45, 2012-Ohio-5952, ¶47; *State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶52.

{¶32} In reviewing a felony sentence, R.C. 2953.08(G) provides:

{¶33} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶34} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

9

the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶35}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶36}** "(b) That the sentence is otherwise contrary to law."

**{¶37}** The Eighth District recently stated in *Venes, supra,* at ¶20-21:

**{¶38}** "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '(t)he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

**{¶39}** "It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."

**{¶40}** Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶41}** H.B. 86 amended R.C. 2929.11, which now states:

**{¶42}** "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶43}** "However, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *State v. Jones*, 12th Dist. No. Butler CA2012-03-049, 2013-Ohio-150, ¶49, citing *State v. Rose*, 12th Dist. No. Butler CA2011-11-214, 2012-Ohio-5607, ¶78; *State v. Putnam,* 11th Dist. Lake No. 2012-L-026, 2012-Ohio-4891, ¶9. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶49; *See* R.C. 2929.12 (which provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.)

**{¶44}** In this case, appellant was sentenced after H.B. 86 was enacted. Thus, H.B. 86 applies here. Therefore, this court should review the trial court's sentence under H.B. 86 to determine if it is clearly and convincingly contrary to law. *See Venes,*

11

*supra,* at ¶10; *Kinstle, supra,* at ¶47; *Cochran, supra,* at ¶52. Thus, in light of H.B. 86, I believe my colleagues improperly apply *Kalish*, an outdated plurality opinion.

**{¶45}** In light of R.C. 2929.11, in both cases at bar, the trial courts improperly presumed that appellant needed to be placed in prison per the presumption, clearly an erroneous application of law and contrary to its stated intent as there was no legislative presumption. The courts then placed the burden on appellant to disprove or overcome the presumption so that she may be placed in the available bed at the treatment facility. Thus, this writer believes the trial courts applied the wrong law and, under the majority's viewpoint, abused their discretion, *see e.g. State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925), because there is no compelling argument or reason in the record that appellant was not amenable to treatment. In fact, pursuant to the Recommended Case Plan, treatment was recommended and a bed was available. In addition, not only did the trial courts abuse their discretion, they also failed to follow the mandate under H.B. 86.

**{¶46}** "[I]n determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925 of the Revised Code * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C). As stated, "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A presumption of

prison does not appear until the trial court addresses sentencing for first or second degree felonies. *See* R.C. 2929.13(D).

**{¶47}** The statute's objective and intent is to keep dangerous criminals off the street, while balancing Ohio's financial deficits and an already overcrowded prison system. The cost of not merging sentences and sentencing someone, like appellant, to a longer sentence has a significant effect on our prison system and to the pocketbooks of taxpayers and is contrary to the purposes espoused in H.B. 86. R.C. 2929.11. Ohio's prison population has ballooned in the past decade and it currently costs over $23,000 per year to house an inmate in Ohio. The legislature has given us the tools, as well as a mandate, to address these issues in passing H.B. 86.

**{¶48}** In the instant matter, the Recommended Case Plan listed appellant's "criminal history" and "level of need" as being "low." It was recommended that she "would benefit from placement in the NEOCAP facility followed by intensive supervision with the Adult Probation Department." Although rehabilitation was recommended and a facility was available to treat appellant, the courts below failed to follow the "principles and purposes" of R.C. 2929.11, which, as stated, now provides under H.B. 86 that: "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender *using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.*" R.C. 2929.11(A). (Emphasis added.)

13

**{¶49}** The very essence of H.B. 86 centers around the fact that treatment should be available and given to low level offenders in a case such as this. The record is clear and the evidence is unrebutted as to the disposition required.

**{¶50}** For the foregoing reasons, I concur in part and dissent in part.