[Cite as *State v. Rardin*, 2013-Ohio-4297.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0100** |
| SCOTT RARDIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2012 CR 0118.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, *Pamela J. Holder,* Assistant Prosecutor, and *Kristina Drnjevich,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael E. Grueschow,* 409 South Prospect Street, P.O. Box 447, Ravenna, OH 44266 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Scott Rardin, appeals from the August 9, 2012 judgment of the Portage County Court of Common Pleas, sentencing him for unlawful sexual conduct with a minor and labeling him a Tier II sex offender. For the reasons in this opinion, we affirm the judgment of the trial court.

{¶2}    Appellant was indicted on five counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B); 11 counts of gross sexual imposition,

felonies of the third degree, in violation of R.C. 2907.05(A)(4); three counts of disseminating matter harmful to juveniles, felonies of the fourth degree, in violation of R.C. 2907.31(A)(1); and three counts of unlawful sexual conduct with a minor, felonies of the third degree, in violation of R.C. 2907.04(A) and (B)(1) and (3). Appellant pleaded not guilty to all charges.

{¶3} Appellant later withdrew his not guilty plea and entered a plea of guilty to one count of unlawful sexual conduct with a minor, a third degree felony, in violation of R.C. 2907.04(A) and (B)(1) and (3). The trial court accepted appellant's plea and the remaining charges were dismissed.

{¶4} After a hearing, appellant was sentenced to the maximum term of five years in prison. The court notified appellant that he would be supervised for five years under post-release control after his release. And the court classified appellant a Tier II sex offender. Appellant appeals and asserts the following assignment of error:

{¶5} "The trial court erred by sentencing the defendant-appellant to a maximum term of imprisonment."

{¶6} "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26.

{¶7} Appellant does not assert his sentence was contrary to law; instead, he argues the trial court failed to give appropriate consideration and adequate weight to the

following facts: (1) he had no prior criminal record; (2) he expressed genuine remorse; and (3) that the victim is young and, with counseling, will be able to live a full life. A review of the record demonstrates the trial court gave proper consideration to all information it received when it imposed the maximum sentence.

{¶8} At the hearing, the court heard from the victim, the victim's mother, and the victim's brother. They detailed, inter alia, the significant difficulties appellant's conduct has caused them. In particular, the victim discussed the tremendous mental and emotional anguish appellant's abuse caused her; she stated she trusted appellant as a father figure and he betrayed her trust. She explained appellant, through his abuse and controlling behavior, robbed her of her childhood and innocence. She further underscored appellant's actions have left her scared, confused, and hurt. Due to the physical, mental, and emotional abuse she suffered at appellant's hands, the victim requested the court to impose the maximum five-year sentence.

{¶9} The victim's mother stated she had been dating appellant eight years, "[m]ost of that time he spent sexually abusing [her] daughter." She underscored her concern for her daughter's current and future mental health; and expressed worry that the victim would have problems with future relationships due to the abuse. She emphasized that appellant controlled her daughter with lies and fear and exploited his position of authority to physically, mentally, and emotionally torment and abuse her. And, she advised the court her family is currently homeless, living with family members, as a consequence of appellant's conduct. She also requested appellant receive the maximum sentence.

{¶10} The victim's brother echoed the previous statements and further emphasized that his sister's life had been affected in ways he could never understand by a man she looked up to and trusted. He stated appellant's conduct has caused his sister to live in fear, especially for the future when appellant is eventually released into the public. He then asked the court to impose the maximum sentence, even though, in his view, "that would never be enough."

{¶11} Following the victim impact statements, defense counsel advised the court appellant had no previous criminal record and has expressed profound remorse for his wrongdoing. Counsel further noted that appellant has accepted full responsibility for his actions and, given these points, requested the court to impose either community control or the minimum available sentence.

{¶12} Finally, appellant spoke in allocution. He apologized to the victim and her family. He acknowledged he let them down and requested the court to impose community control so he could "be productive again." He additionally promised the court he would never do anything wrong again.

{¶13} After considering the sentencing statutes, the presentence investigation report, the statements of counsel and appellant, as well as the victim impact statements, the court concluded community control sanctions would be inappropriate. The court then imposed the maximum, authorized sentence.

{¶14} In its judgment entry, the court journalized the maximum sentence. The court reiterated the statements it made at the sentencing and underscoring its considerations in fashioning the sentence; namely, the need to protect the public from future crimes and punish appellant using the minimum sanctions that would accomplish

these purposes without unnecessary burden on state resources. The court further acknowledged it weighed the punitive need to incapacitate appellant, the need to deter appellant and others from future crimes, as well as appellant's capacity for rehabilitation in rendering its sentence.

{¶15} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders" R.C. 2929.11(B).

{¶16} It is well-recognized that a sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The Ohio Supreme Court has emphasized a sentencing court has "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus; *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13 ("[s]uch discretion is plenary"). Therefore, "the trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34 (11th Dist.).

{¶17} With these principles in mind, the record indicates the court gave due consideration to all statutory factors germane to the case. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 as well as the relevant

seriousness and recidivism factors set forth under R.C. 2929.12. The court properly advised appellant regarding post-release control and his classification as a Tier II sex offender. We therefore hold the trial court did not abuse its considerable discretion in sentencing appellant to the maximum sentence.

**{¶18}** Appellant's assignment of error lacks merit.

**{¶19}** The judgment of the Portage County Court of Common Pleas is hereby affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in judgment only with a Concurring Opinion.

**{¶20}** I concur with the majority to affirm the judgment of the trial court. However, I disagree with the majority's application of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, in light of H.B. 86.

**{¶21}** Prior to 2006, Ohio sentencing law created presumptions that offenders be given minimum, concurrent terms of incarceration. *See* former R.C. 2929.14(B), 2929.14(E)(4), 2919.19(B)(2), and 2929.41. These presumptions could be overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public. This judicial fact-finding was later called into question by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), where the United States Supreme Court held that judicial fact-finding could infringe

6

upon a defendant's Sixth Amendment right to a jury trial because it invaded the fact-finding function of the jury.

{¶22} In 2006, the Ohio Supreme Court held that under *Apprendi* and *Blakely*, Ohio's sentencing statutes that required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms unconstitutionally infringed on the jury's function in violation of the Sixth Amendment. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. As a result, the Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and to order sentences to be served consecutively. *Id.* at ¶99-100.

{¶23} In applying *Foster,* the Ohio Supreme Court later held in 2008 that appellate courts must apply a two-step procedure for review of a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. In the first step, the *Kalish* Court held that appellate courts shall examine the sentencing court's compliance with "all applicable rules and statutes in imposing the sentence" to determine whether the sentence is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G). *Id.* at ¶26. If this first step is satisfied, the Court held that the trial court's decision shall be reviewed under an abuse-of-discretion standard. *Id.*

{¶24} This writer notes that *Kalish*, an appeal from this court, *State v. Kalish*, 11th Dist. Lake No. 2006-L-093, 2007-Ohio-3850 (O'Toole, J., concurring in part, dissenting in part) is a plurality opinion. Therefore, it is merely persuasive. *See State v. Azbill*, 11th Dist. Lake No. 2007-L-092, 2008-Ohio-6875, ¶9, fn.2, citing *State v. Bassett*, 8th Dist. No. 90887, 2008-Ohio-5597, ¶24, fn.2. Although the plurality in *Kalish* indicated that this court did not review the sentence to ensure that the trial court clearly

and convincingly complied with the pertinent laws, it nevertheless affirmed this court's judgment, albeit on different grounds.

**{¶25}** Thereafter, in 2009, the reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160 (2009), where the United States Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court subsequently determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320. However, a trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *See Foster, supra,* at ¶36-42.

**{¶26}** On September 30, 2011, Ohio's sentencing statutes were revised pursuant to H.B. 86. The Ohio General Assembly enacted a new, but slightly different, requirement of judicial fact-finding under H.B. 86, containing many amendments to criminal sentencing provisions. For example, H.B. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4), requiring a trial court to make specific findings when imposing consecutive sentences. In addition, H.B. 86 reduced the maximum prison term for many third-degree felonies from five years to 36 months. As a result, we no longer apply the two-step analysis contained in the 2008 *Kalish* case to defendants sentenced after H.B. 86's enactment. Rather, we apply R.C. 2953.08(G) and the clear and convincing standard to determine whether the sentence is contrary to law. *See e.g. State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-

1891, ¶10; *State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶5, fn.2; *State v. Kinstle*, 3rd Dist. Allen No. 1-11-45, 2012-Ohio-5952, ¶47; *State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶52.

{¶27} In reviewing a felony sentence, R.C. 2953.08(G) provides:

{¶28} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶29} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶30} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶31} "(b) That the sentence is otherwise contrary to law."

{¶32} The Eighth District recently stated in *Venes, supra,* at ¶20-21:

{¶33} "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '(t)he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

9

**{¶34}** "It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."

**{¶35}** Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶36}** H.B. 86 amended R.C. 2929.11, which now states:

**{¶37}** "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶38}** "However, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶49, citing *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶78; *State v. Putnam,* 11th Dist. Lake No. 2012-

10

L-026, 2012-Ohio-4891, ¶9. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶49; *See* R.C. 2929.12 (which provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.)

{¶39} In this case, appellant was sentenced to a maximum sentence for a third degree felony on August 9, 2012, after H.B. 86 was enacted. Thus, H.B. 86 applies here. Therefore, this court should review the trial court's sentence under H.B. 86 to determine if it is clearly and convincingly contrary to law. *See Venes, supra,* at ¶10; *Kinstle, supra,* at ¶47; *Cochran, supra,* at ¶52. Thus, in light of H.B. 86, I believe my colleagues improperly apply *Kalish*, an outdated plurality opinion.

{¶40} Appellant maintains the trial court failed to give appropriate consideration and weight to the fact that he had no prior criminal record, expressed genuine remorse, and that the victim, with counseling, is able to live a full life. He contends the trial court erred in imposing an excessive prison term. Appellant further contends and states in his brief that he "does not assert that his sentence was contrary to law." However, appellant proceeds to allege that the trial judge did not consider the relevant statutory factors. As such, appellant makes an argument that his sentence is contrary to law by calling into question the court's consideration of the relevant sentencing statutes.

{¶41} With regard to his sentence, appellant pleaded guilty to one count of unlawful sexual conduct with a minor, a third degree felony. Under H.B. 86, the legislature created a two-tiered sentencing structure for third degree felonies. H.B. 86 amended R.C. 2929.14(A)(3) to change the range of possible prison terms for certain

11

third degree felonies. R.C. 2929.14(A)(3)(b) decreases the range of penalties for most felonies of the third degree to 9, 12, 18, 24, 30, or 36 months. However, R.C. 2929.14(A)(3)(a) maintains the maximum 60-month penalty for the following offenses: aggravated vehicular homicide, vehicular homicide, vehicular manslaughter, aggravated vehicular assault, vehicular assault, sexual battery, unlawful sexual conduct with a minor, or gross sexual imposition, or robbery or burglary if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more aggravated robbery, robbery, aggravated burglary, or burglary offenses.

{¶42} Here, appellant pleaded guilty to one count of unlawful sexual conduct with a minor, a third degree felony. The trial court sentenced appellant to five years (60 months) in prison. Thus, appellant's sentence was within the statutory range for the offense under R.C. 2929.14(A)(3)(a).

{¶43} At the sentencing hearing, the victim, the victim's mother, and the victim's brother spoke to the court. They detailed how difficult it has been for them as a family to move forward as a result of appellant's conduct.

{¶44} The victim's mother and appellant were boyfriend and girlfriend. The victim, the victim's mother, and the victim's brother lived with appellant for six years. The victim stated that she grew up loving and trusting appellant and considered him a "father figure." However, the victim never had the opportunity to be a child because appellant stole her innocence. The victim stated that appellant did not want her to be around others in fear she would tell "his secret." She has struggled with feeling "scared, confused, stressed, hurt and regret." The victim hates what appellant did to her and asked the judge to sentence him to the maximum.

12

{¶45} The victim's mother said that the crime appellant committed devastated her family. They currently are homeless and living with family. The victim is in counseling and fears for her life, as appellant had threatened all of them. The victim's mother is sincerely concerned for her daughter's mental health and further relationships as a result of appellant's actions. She said that appellant controlled her daughter with lies and fear and that he used his authority to physically, mentally, and emotionally abuse her. She believes her daughter's trust in people will never be the same. The victim feels ashamed and dirty and that this was her fault in some way. The victim was isolated from her family and friends. The victim's mother indicated that appellant, a grown man who made the decision to harm a child, should pay the price "to the fullest extent of the law."

{¶46} The victim's brother stated that his sister's life has been affected in ways that he "could never understand" by a man that she looked up to and trusted. He said that the victim fears for her safety every day, especially after appellant will be released from prison. The victim's brother asked the trial judge to give appellant the maximum sentence and that in his opinion, "that would never be enough."

{¶47} After the victim and her family spoke, defense counsel stated that appellant accepts full responsibility for his wrongdoing. Appellant's attorney asked the trial judge to impose community control or, in the alternative, the minimum sentence.

{¶48} Lastly, appellant apologized to the victim and her family. He said he let a lot of people down and was "sorry" for his actions. Appellant asked the trial judge to consider community control so that he could "be productive again." He promised he would never do anything wrong ever again.

{¶49} In conclusion, the trial judge stated the following at the sentencing hearing:

{¶50} "[U]pon considering the Ohio sentencing statute, the probation report, statement of counsel, statement of the Defendant and the victim impact statements, finds community based sanctions are not appropriate in this case.

{¶51} "It will be the sentence of this Court that you be confined by the Ohio Department of Corrections for a period of five years[.]"

{¶52} Furthermore, the trial court stated the following in its sentencing entry:

{¶53} "The Court considered the purpose of felony sentencing which is to protect the public from future crimes by the Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶54} "The Court also considered the need for incapacitating the Defendant, deterring the defendant and others from future crime, rehabilitating the Defendant, making restitution to the victim of the offense, the public or both.

{¶55} "The Court also considered the evidence presented by counsel, oral statements, any victim impact statements, the Pre-Sentence Report and the defendant's statement."

{¶56} Thus, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. Further, the record reveals the court properly advised appellant regarding post-release control. Therefore, the trial court complied with all

14

applicable rules and statutes and, as a result, appellant's sentence is not clearly and convincingly contrary to law.

{¶57} For the foregoing reasons, I concur in judgment only, as I disagree with the majority's application of *Kalish* in light of H.B. 86.