JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Paige Bassett, brings this appeal challenging both her guilty plea to aggravated vehicular homicide and her sentence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On April 27, 2007, the Cuyahoga County Grand Jury returned a four-count indictment against appellant, including two counts of aggravated vehicular homicide and two counts of OVI. The charges stemmed from an incident that occurred on March 28, 2007. On that evening, while intoxicated, appellant drove southbound in the northbound lanes of Interstate-71 and crashed into another vehicle, instantly killing its passenger, Roger Harr. On October 23, 2007, appellant pleaded guilty to one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), a second degree felony. All other counts were nolled.
 {¶ 3} The trial court held a sentencing hearing on December 17, 2007. At the hearing, the trial court gave several people an opportunity to be heard, including family members of both the appellant and the victim, appellant's AA sponsor, a witness to the accident, and the investigating officer. In particular, it was noted that on the evening of the accident, appellant had consumed at least five alcoholic beverages; had a blood alcohol content of 0.189, nearly twice the legal limit; had prescription and non-prescription drugs in her car; was not wearing her glasses; and was traveling the wrong direction on the highway. *Page 4 
 {¶ 4} The court then proceeded to sentencing, first by acknowledging the guiding principles of R.C. 2929.11 and 2929.12. The court stated that it found appellant's conduct more serious than conduct usually associated with this offense and that the circumstances of appellant's behavior, including her intoxication, her decision to drive, and the resulting death of Roger Harr, made her more likely to commit future crimes.
 {¶ 5} Appellant was sentenced to the maximum penalty of eight years in prison, a $15,000 fine, and a lifetime suspension of her driver's license.
 Review and Analysis {¶ 6} Appellant filed this timely appeal, asserting three assignments of error. We first address her third assignment of error because it relates to her plea. We then address her first and second assignments of error as they relate to her sentence.
 Validity of Plea {¶ 7} "III. Because the trial court failed to strictly comply with the requirements of explaining to appellant that she could not be compelled at trial to testify against herself, appellant's guilty plea is invalid."
 {¶ 8} Appellant argues that her guilty plea is not valid because the trial court did not comply with Crim. R. 11. She specifically argues that she was not informed by the court that she could not be compelled to testify against herself if she chose to go to trial. *Page 5 
 {¶ 9} Crim. R. 11 (C), which deals with a trial court's acceptance of a plea of guilty to a felony offense, provides:
 {¶ 10} "* * *
 {¶ 11} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 12} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 13} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 14} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 15} "Adherence to the provisions of Crim. R. 11(C)(2) requires anoral dialogue between the trial court and the defendant which enablesthe court to determine fully the defendants understanding of theconsequences of his plea of *Page 6 
guilty or no contest." (Emphasis added.) State v. Caudill (1976),48 Ohio St.2d 342, 358 N.E.2d 601, paragraph two of the syllabus.
 {¶ 16} In its recent opinion, State v. Veney, Slip Opinion No. 2008-Ohio-5200, the Ohio Supreme Court held that "[a] trial court must strictly comply with Crim. R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." Relying on State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 474, the Veney court held: "[A] guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his [Boykin rights].[1] * * * Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his [Boykin rights]." (Internal citations omitted.) Id. Notably, the Veney court added that "a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." Id. *Page 7 
 {¶ 17} In the case before us, the trial court stated during its plea colloquy with appellant: "At trial you can present a defense, call witnesses, compel their appearance at trial by subpoena, testify yourself and tell your own side of the story; or you can choose not to testify and the prosecutor could not comment upon that fact in violation of your 5th Amendment right. Do you understand that?" Appellant answered that she did understand. Appellant's counsel also stated on the record that he was satisfied that the court had complied with Crim. R. 11.
 {¶ 18} We find that the trial court strictly complied with the mandates of Crim. R. 11(C) by orally informing appellant of her privilege against self-incrimination, even though it did not use a word-for-word recitation of Crim. R. 11(C)(2)(c).
 {¶ 19} In State v. Scanlon (June 29, 1998), Licking App. No. 95-134, the Fifth District affirmed the trial court's acceptance of a guilty plea where the defendant made the same argument as appellant makes here. In Scanlon, the trial court did not inform the defendant that the state could not compel him to testify against himself, only that he had a right not to testify. On appeal, the court held that the trial court had complied with Crim. R. 11. See, also, State v. Adams (May 22, 1997), Cuyahoga App. No. 70045 ("trial court specifically informed appellant that he had the right to testify or to choose not to testify"). *Page 8 
 {¶ 20} In the instant case, the words chosen by the trial court sufficiently informed appellant of the constitutional rights she is giving up by pleading guilty. We find that the court's wording that appellant could choose not to testify is the equivalent of saying that the state could not compel her to testify and amounts to strict compliance under Crim. R. 11(C)(2). Therefore, we overrule appellant's third assignment of error.
 Sentence {¶ 21} "I. The trial court's sentence is not supported by the record and/or the sentence is contrary to law."
 {¶ 22} In her first assignment of error, appellant argues that the trial court did not consider the relevant sentencing factors; therefore, her sentence is contrary to law. She argues that the trial court sentenced her to a maximum of eight years in prison based on the fact that it found the value of a human life to be priceless. We find no merit in this argument.
 {¶ 23} An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is "otherwise contrary to law." R.C. 2953.08(G)(2); State v. Moore, Cuyahoga App. No. 89779, 2008-Ohio-2365;State v. Donahue, Cuyahoga App. No. 89111, 2007-Ohio-6825. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in *Page 9 
criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 24} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court found several sections of the revised code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences.[2] Id.
 {¶ 25} At sentencing, the trial court demonstrated that it considered the general guidelines found in R.C. 2929.11 and 2929.12. Specifically, the court stated that it had considered the impact of appellant's actions on both the family of the victim and her own family; and that appellant made a conscious decision to drive her car while intoxicated, and that in choosing to do so, she caused the death of an innocent man. The court stated that, upon consideration of these factors, it believed appellant was likely to commit future crimes and that only the maximum sentence would not demean the seriousness of her actions. *Page 10 
 {¶ 26} We do not find that the imposition of a maximum sentence in this case is unsupported by the record or contrary to law. Therefore, we overrule appellant's first assignment of error.
 {¶ 27} "II. The trial court's reliance on an unconstitutional statute constitutes reversible error."
 {¶ 28} In her second assignment of error, appellant argues that the trial court erred by relying on R.C. 2929.14(C), which was found to be unconstitutional by Foster, supra. This argument has no merit.
 {¶ 29} With respect to the unconstitutionality of R.C. 2929.14(C), we disagree that the trial court made factual findings in contravention ofFoster. The trial court did not find that appellant committed the "worst form of the offense and that she posed the greatest likelihood of committing future crimes." Instead, what the court stated was that appellant's conduct was "more serious than conduct normally constituting the charged offense" and "that the recidivism factors indicate that the defendant is more likely to commit future crimes." These comments demonstrate only that the trial court considered the factors contained in R.C. 2929.12, as required by law. Thus, we overrule appellant's second assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 11 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] "Boykin rights" refers to the five constitutional rights listed in Crim. R. 11 (C)(2)(c). See Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
[2] We acknowledge that the Ohio Supreme Court's recent decision inState v. Kalish, Slip Opinion No. 2008-Ohio-4912, sets forth a two-prong test for review of sentences. We note that Kalish is a plurality opinion; therefore, it is merely persuasive. *Page 1