[Cite as *State v. Black*, 2013-Ohio-4908.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99421**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KIMBERLY N. BLACK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-562834

**BEFORE:** Jones, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Michael B. Telep
4438 Pearl Road
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Jennifer A. Driscoll
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Kimberly Black appeals the sentence imposed by the trial court on her aggravated murder, murder, and endangering children convictions. We affirm in part; reverse in part and remand.

{¶2} In 2012, Black was charged in a nine-count indictment with aggravated murder, murder, felonious assault, and endangering children in the deaths of her daughter, Kymshia Ruffin, and friend, Sharice Swain, and in injuries to Black's daughter, Teraji Ruffin.

{¶3} In November 2012, Black pleaded guilty as follows: Count 1, murder of Swain in violation of R.C. 2903.02(A); Count 2, aggravated murder of Kymshia Ruffin in violation of R.C. 2903.01(C); Count 8, endangering Kymshia Ruffin in violation of R.C. 2919.22(A), a third-degree felony; and Count 9, endangering Teraji Ruffin in violation of R.C. 2919.22(A), a fourth-degree misdemeanor.

{¶4} In December 2012, the trial court sentenced Black to a combined sentence of life in prison without the possibility of parole for 33 years as follows: Count 1, life with possibility of parole in 15 years; Count 2, life with possibility of parole in 30 years; Count 8, three years; and Count 9, six months. The trial court further ordered that the three-year sentence in Count 8 run consecutive to all other counts.

{¶5} It is from this sentence that Black appeals, raising two assignments of error for our review:

   I.  The trial court abused its discretion and committed plain error when it

failed to merge the allied offenses of aggravated murder and endangering children, and sentenced the defendant on both offenses where the charges originated out of the same conduct towards the same victim.

II. The trial court committed reversible error and imposed a sentence contrary to law when the record reveals the court failed to consider all mandatory sentencing factors required by R.C. 2929.13.

## Allied Offenses

{¶6} In her first assignment of error, Black contends that the trial court erred when it failed to merge the allied offenses of aggravated murder and endangering children.

{¶7} Our review of an allied offenses question is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶8} Under Ohio law, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However,

[w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(B).

{¶9} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger pursuant to R.C. 2941.25 by overruling

its previous holding in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999). *Rance* required a comparison of the statutory elements in the abstract to determine whether the statutory elements of the crimes corresponded to such a degree that the commission of one crime would result in the commission of the other. Now, pursuant to *Johnson*, the conduct of the accused must be considered in determining whether two offenses should be merged as allied offenses of similar import under R.C. 2941.25. *Id.* at syllabus.

{¶10} The inquiry under *Johnson* is two-fold: (1) "whether it is possible to commit one offense and commit the other with the same conduct," and (2) "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶ 48-49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50 (Lanzinger, J., dissenting). If the answer to both questions is in the affirmative, then the offenses are allied offenses of similar import and must merge. *Johnson* at ¶ 50.

{¶11} Conversely, if the court determines that the commission of one offense will never result in the commission of the other, if the offenses are committed separately, or if the defendant has separate animus for each offense, the offenses will not merge. *Id.* at ¶ 51; R.C. 2941.25(B).

{¶12} Black was convicted in Count 2 of the aggravated murder of Kymshia Ruffin, in violation of R.C. 2903.01(C), which provides that: "No person shall purposely cause the death of another who is under thirteen years of age at the time of the

commission of the offense." She was also convicted in Count 8 of endangering Kymshia, in violation of R.C. 2919.22(A), which states: "No person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The indictment lists the date of both offenses as on or about May 17, 2012.

{¶13} Recently, this court, sitting en banc, held that the trial court has a mandatory duty to inquire and determine whether multiple charges are allied offenses of similar import. *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-1027, 990 N.E.2d 1085, ¶ 55. Specifically, we held:

> (a) Where a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge. A trial court commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import.
>
> (b) A defendant's failure to raise an allied offenses of similar import issue in the trial court is not a bar to appellate review of the issue.
>
> (c) While facts establishing the conduct of the offender offered at the time of a plea may be used to establish that offenses are not allied, a guilty plea alone that does not include a stipulation or a finding that offenses are not allied offenses of similar import does not conclusively resolve the merger question. Thus, a guilty plea does not constitute a valid waiver of the protections from possible double jeopardy under R.C. 2941.25.

*Id.* at ¶ 63.

{¶14} Pursuant to *Rogers*, if, on review, the trial court record lacks sufficient factual detail to determine whether the offenses are allied offenses of similar import, a remand is necessary to establish the underlying facts of the defendant's conduct so the

trial court can properly determine whether the subject crimes should merge for sentencing purposes. "If the facts necessary to determine whether offenses are allied offenses of similar import are not in the record and the trial court does not inquire, then plain error exists when the issue is raised on appeal." *Id.* at ¶ 46. This is the case even if defendant fails to raise the issue in the trial court or the convictions are a result of a guilty plea.

{¶15} Conversely, if the record contains sufficient facts from which to determine if the offenses are allied offenses of similar import, our de novo review of the offenses may suffice to establish whether the offenses are allied. That being said, we caution that, in most cases, if a trial court has completely failed to consider the issue of allied offenses, it is the trial court that should make the initial determination, not a reviewing court.

{¶16} In the case at bar, no discussion was had at the plea or sentencing hearings about whether the convictions for aggravated murder and endangering children were allied offenses of similar import.

{¶17} Our first part of the inquiry under *Johnson*, whether it is possible to commit one offense and commit the other with the same conduct, shows that it is possible to commit both aggravated murder, R.C. 2903.01(C), and child endangering, R.C. 2919.22(A), with the same conduct. *See generally Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; *State v. Johnson*, 8th Dist. Cuyahoga No. 94813, 2011-Ohio-1919; *State v. Grube*, 4th Dist. Gallia No. 12CA1, 2013-Ohio-692, ¶ 51. Thus, as to the first prong of the *Johnson* test, it would appear that these two convictions

should be merged. The trial court should have realized from the face of the charges that a merger analysis of the aggravated murder and endangering of Kymshia convictions was necessary. Because it did not perform a merger analysis, the court committed plain error. *Rogers* at ¶ 34.

{¶18} Black contends that the facts as they can be gleaned from the plea and sentencing hearings, presentence report, and clinical evaluations show that both the aggravated murder and child endangering occurred at about the same time to the same victim. According to Black, the offenses should merge because both involved recklessness that resulted in Kymshia's death. The state counters that Black's actions on the evening of May 17 constituted separate behavior and results, in part, because Black had a daily habit of smoking PCP and "the very fact that she exposed her children to drugs and her behavior on the drugs constitute child endangering"; therefore, the convictions should not merge.

{¶19} Our review of the trial court record, which includes the transcript from the plea and sentencing hearings, the presentence investigation report, and the court psychiatric reports, shows that on May 17, 2012, Black, a habitual drug user, was partying with three or four friends. At some point, she smoked a cigarette laced with PCP and her friends may have also consumed PCP. Black was sitting in her longtime friend Swain's car and Swain was in the driver's seat. Black became upset with Swain because, according to Black, she thought Swain had just murdered her (Black's) four children. Black took out a razor blade and fatally cut Swain's throat. Eyewitnesses

also saw her get out of the car and punch Swain through the driver side window. Black then took or cut off her own clothes and walked up to the porch of her house.

{¶20} Naked, Black got her four children off the porch. Witnesses stated that Black took one-year-old Teraji in her arms and two-year-old Kymshia by the hand. Black's two older children walked in front of her. While walking away from the scene, Swain's car began to move and hit Black, Teraji, and Kymshia. Kymshia suffered fatal injures and Teraji was hospitalized for her injuries. The car then struck the house across the street. It is unclear from the record before us at what point during this incident Swain died.

{¶21} Although we are able to review the plea and sentencing hearing transcripts, the presentence investigation report, and the court psychiatric clinic reports in our de novo review, the record does not contain sufficient factual information that would permit us to complete an allied offenses of similar import analysis. The facts of this case as presented by the limited record "facially present a question of intertwined conduct," *Rogers* at ¶ 26; therefore, not only is an allied offenses merger analysis required, but, based on this record, would benefit from an initial review by the trial court. *See Grube*, 4th Dist. Gallia No. 12CA1, 2013-Ohio-692, ¶ 52.

{¶22} Finally, although not raised by Black on appeal, because the remaining counts are offenses committed against separate victims, Swain and Teraji, we find that these counts are not allied offenses of similar import. *See State v. Dix*, 8th Dist. Cuyahoga No. 94791, 2011-Ohio-472, ¶ 22 (finding that where a defendant commits the

same offense against different victims during the same course of conduct and the offense is defined in terms of conduct toward another, then there is a dissimilar import for each person subjected to the harm). Because Ohio sentencing laws do not recognize the sentencing-package doctrine, our decision to remand the case for an allied offenses analysis on Counts 2 and 8 does not affect Black's sentences for her other convictions. *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶23} Therefore, the first assignment of error is sustained to the degree that we find the trial court committed plain error in failing to hold an allied offenses analysis on Counts 2 and 8. We reverse the sentences as to Counts 2 and 8 only and remand the case for an appropriate review.

**Consecutive Sentences**

{¶24} In the second assignment of error, Black argues that the trial court failed to make the findings required to impose consecutive sentences. The trial court imposed a three-year sentence on Count 8, endangering children, and ordered it run consecutive to the sentences for Counts 1, 2, and 9. But because we are remanding this case for an allied offenses analysis on Counts 2 and 8, and Count 8 was the only count the trial court ordered to run consecutive, we need not determine whether the trial court made the requisite statutory findings to impose consecutive sentences.

{¶25} The second assignment of error is therefore moot and overruled. *See* App.R. 12(A)(1)(C).

{¶26} The sentences on Counts 2 and 8 are reversed and the case is remanded.

**{¶27}** Accordingly, judgment affirmed in part; reversed in part and the case is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR