[Cite as *State v. Finney*, 2014-Ohio-1054.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99646**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CORDELL FINNEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; VACATED IN PART;
REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558152

**BEFORE:** S. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Jesse W. Canonico
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant Cordell Finney appeals from his conviction on two counts of sexual battery, following a guilty plea. For the following reasons, we affirm in part, vacate in part, and remand for resentencing.

{¶2} On May 22, 2012, Finney pleaded guilty to two counts of sexual battery in violation of R.C. 2907.03(A)(1), both third-degree felonies, for sexual conduct with two minors, who were 12 and 14 years old at the time of the incidents. On June 27, 2012, the trial court sentenced Finney to a three-year term of imprisonment on each count, to be run consecutively, classified Finney as a Tier III sex offender, and imposed a five-year mandatory term of postrelease control. It is from this decision that Finney filed his delayed appeal, raising three assignments of error, which provide as follows:

> I. The trial court erred when it imposed consecutive sentences.
>
> II. The trial court erred when it found both counts of sexual battery were not allied offenses of similar import and sentenced Finney on both counts.
>
> III. The trial court did not comply with Criminal Rule 11 before accepting Finney's guilty plea and the guilty plea was not knowingly, intelligently, and voluntarily made.

We find merit only with respect to Finney's first assignment of error.

{¶3} In his first assignment of error, Finney claims the trial court erred in imposing consecutive sentences because Finney did not have an extensive criminal history, and therefore, according to him, the consecutive sentences were not necessary to protect the public. Finney's argument assumes that the trial court made the requisite finding that consecutive sentences were necessary to protect the public. The trial court did not make

any findings before imposing consecutive sentences, and therefore, the case must be remanded.

{¶4} The effective date of H.B. No. 86 was September 30, 2011. When the trial court sentenced Finney on June 27, 2012, the revived version of R.C. 2929.14(C)(4) was in effect, and the court had to make certain findings before imposing consecutive sentences. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 2 (8th Dist.), citing *State v. Jones*, 8th Dist. Cuyahoga No. 98371, 2013-Ohio-489, ¶ 18; *State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 25. At the time of Finney's sentencing, neither the parties nor the court had the benefit of this district's decision in *Venes*.

{¶5} Nevertheless, we are constrained to find that the trial court, in this case, failed to make any of the R.C. 2929.14(C)(4) findings prior to imposing consecutive sentences. Finney claims that the findings are not clearly and convincingly supported by the facts in the record, pursuant to R.C. 2953.08(G)(2), in effect, putting the cart before the horse. We cannot review the propriety of findings that were not made. The lack of the required findings prior to imposing consecutive sentences is error, and we must vacate Finney's sentence and remand for resentencing. *Venes*. The state concedes this error. Finney's first assignment of error is sustained, albeit on a different basis than was raised by Finney.

{¶6} In his second assignment of error, Finney claims the trial court erred in determining that the two counts of sexual battery, one for each victim, were not allied offenses subject to merger at sentencing. This raises a separate issue from the

consecutive sentencing. "The imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. Essentially, Finney claims that although there were two victims, the sexual conduct was vaguely referenced in the indictment, and therefore he can be convicted of only one sexual battery offense. We find no merit to Finney's argument.

{¶7} Generally, multiple sentences, even if possibly considered a single act committed against multiple victims, are constitutionally permissible if the offense is defined in terms of conduct toward another. *State v. Black*, 8th Dist. Cuyahoga No. 99421, 2013-Ohio-4908, ¶ 22; *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511, ¶ 35; *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 14; *State v. Dix*, 8th Dist. Cuyahoga No. 94791, 2011-Ohio-472, ¶ 22. Basically, separate victims defined in terms of the conduct toward the victim will always equal a separately punishable crime not subject to merger.[1]

{¶8} Finney nonsensically claims that the state failed to adduce evidence demonstrating acts committed against each of the child victims, based on the argument that the allegations "vaguely" referenced the fact that Finney took both girls to his residence and engaged in sexual activity with each of them. We find no merit to his arguments. As Finney stated, the allegations to which he pleaded guilty indicated that he

---

[1] Also, this district has held that "[s]eparate victims alone established a separate animus for each offense." *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499, ¶ 22 (8th Dist.). That case is pending before the Ohio Supreme Court. *State v. Rogers*, 136 Ohio St.3d 1508, 2013-Ohio-4657, 995 N.E.2d 1212.

had sexual contact with each child, thereby establishing two separate crimes committed against two separate victims. Finney's second assignment of error is overruled.

{¶9} Finally, in his third assignment of error, Finney claims his plea was not knowingly, intelligently, or voluntarily entered because he was not adequately explained his constitutional privilege against self-incrimination during the plea colloquy. We find no merit to his claim.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance, and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977).

{¶11} In this case, the trial court stated that Finney could choose not to testify at trial and that his silence could not be used against him "in any way." Tr. 20:15-16. Finney claims this admonishment was ineffective because he was not specifically told that if he chose not to testify, nobody could comment on that fact and the jury could not use the silence to infer guilt. Finney seeks a scrupulous adherence to the language of Crim.R. 11, not provided for under Ohio law. *See State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981) ("a rote recitation of Crim. R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea").

{¶12} The trial court complied with Crim.R. 11. In *State v. Bassett*, 8th Dist. Cuyahoga No. 90887, 2008-Ohio-5597, ¶ 18, for example, this court determined that the trial court's failure to specifically notify the defendant that the court could not infer guilt from a defendant's silence did not render the plea invalid. *Id.* Instead, that trial court only mentioned that the defendant could choose not to testify and the prosecutor could not comment on the resulting silence. *Id.* at ¶ 17. Accordingly, this court held that the trial court strictly complied with Crim.R. 11. *Id.* at ¶ 18.

{¶13} In this case, the trial court properly informed Finney that he had the right to choose not to testify and that no one could use his silence in any way. This statement describes his rights to a greater extent than the trial court's attempt in *Bassett*, and therefore, we must affirm. The trial court strictly complied with Crim.R. 11 in advising Finney of his constitutional right against self-incrimination. Finney's third and final assignment of error is overruled.

{¶14} Finney's sentence is vacated, and this cause is remanded to the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to enter the proper findings on the record. All other assignments of error are overruled.

{¶15} Affirmed in part, vacated in part, and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR