[Cite as *State v. Snider*, 2014-Ohio-2184.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100319

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN SNIDER

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568969

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 22, 2014

**ATTORNEYS FOR APPELLANT**

Joseph Medici
Jay Milano
Milano Pasch Medici
2639 Wooster Road
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Brett Kyker
Assistant County Prosecutor
8th Floor, Justice Center
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant John Snider appeals his sentence that was rendered in the Cuyahoga County Court of Common Pleas. Snider argues that the trial court erred in imposing consecutive sentences without making required findings and that the imposition of consecutive sentences was not supported by the record. Finding merit to the instant appeal, we reverse and remand.

{¶2} On May 20, 2013, Snider pleaded guilty to three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(2), 17 counts of pandering in violation of R.C. 2907.322(A)(1) and one count of possession of criminal tools.

{¶3} The trial court imposed two-year prison terms for each of the three violations of R.C. 2907.322(A)(2) and ordered these terms to be served consecutively. The trial court also sentenced Snider to two-year prison terms on the remaining counts of pandering and a one-year prison term for possession of criminal tools. These counts were ordered to be served concurrently. Snider appeals asserting the following two assignments of error:

> I. The trial court's sentence was contrary to the law in imposing consecutive sentences persuant [sic] to ORC 2929.14 & ORC 2953.08.

> II. The trial court's sentence was not supported by the record in the case persuant [sic] to ORC 2929.14 & ORC 2953.08.

{¶4} When reviewing a felony sentence, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section

shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*Id.*

{¶5} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶6} R.C. 2929.14(C)(4) authorizes the court to require an offender to serve multiple prison terms consecutively for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must

find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶7} In the present case, the record reflects that the trial court failed to make the findings required to impose consecutive sentences pursuant to R.C. 2929.14(C)(4). The state concedes this error.

{¶8} Additionally, Snider argues that certain factual findings referenced by the trial court at sentencing were incorrect and did not support the imposition of consecutive sentences or any of the findings under R.C. 2929.14(C)(4). However, this court has previously refused to review the propriety of hypothetical R.C. 2929.14(C)(4) findings that a trial court did not, in fact, make. *State v. Finney*, 8th Dist. Cuyahoga No. 99646, 2014-Ohio-1054, ¶ 5. As we explained in *Finney*, this would be "putting the cart before the horse." The lack of the required findings prior to imposing consecutive sentences is error, and we must vacate Snider's sentence and remand for resentencing. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.).

**{¶9}** Snider's first assignment of error is sustained and we find his second assignment of error to be moot at this time.

**{¶10}** Snider's sentence is vacated, and this cause is remanded to the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to enter the proper findings on the record.

**{¶11}** Reversed and remanded to the lower court for resentencing consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR