[Cite as *State v. Black*, 2016-Ohio-198.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99421**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KIMBERLY N. BLACK**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-562834-A

**BEFORE:** Jones, A.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 21, 2016

**ATTORNEY FOR APPELLANT**

Michael B. Telep
4438 Pearl Road
Cleveland, Ohio 44109


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Jennifer A. Driscoll
       Adam M. Chaloupka
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} This case is before this court on remand from the Ohio Supreme Court. In *State v. Black*, 8th Dist. Cuyahoga No. 99421, 2013-Ohio-4908, this court held that the trial court committed plain error in failing to hold an allied offenses analysis on Kimberly N. Black's convictions for the aggravated murder and endangering of her daughter, Kymshia Ruffin.

{¶2} The apposite facts are as follows. In 2012, Black was charged in a nine-count indictment with aggravated murder, murder, felonious assault, and endangering children in the deaths of her daughter, Kymshia, and friend, Sharice Swain, and in injuries to Black's daughter, Teraji Ruffin.

{¶3} In November 2012, Black pleaded guilty as follows: Count 1, murder of Swain in violation of R.C. 2903.02(A); Count 2, aggravated murder of Kymshia in violation of R.C. 2903.01(C); Count 8, endangering Kymshia in violation of R.C. 2919.22(A), a third-degree felony; and Count 9, endangering Teraji in violation of R.C. 2919.22(A), a fourth-degree misdemeanor.

{¶4} In December 2012, the trial court sentenced Black to a combined sentence of life in prison without the possibility of parole for 33 years as follows: Count 1, life with possibility of parole in 15 years; Count 2, life with possibility of parole in 30 years; Count 8, three years; and Count 9, six months. The trial court further ordered that the three-year sentence in Count 8 run consecutive to all other counts.

{¶5} Black appealed and raised two assignments of error for our review:

> I. The trial court abused its discretion and committed plain error when it failed to merge the allied offenses of aggravated murder and endangering children, and

sentenced the defendant on both offenses where the charges originated out of the same conduct towards the same victim.

II. The trial court committed reversible error and imposed a sentence contrary to law when the record reveals the court failed to consider all mandatory sentencing factors required by R.C. 2929.13.

{¶6} This court determined that under its previous decision in *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.), the trial court had a mandatory duty to conduct an allied offense analysis when multiple charges facially present a question of merger under R.C. 2941.25. Since no discussion was had at the plea or sentencing hearings about whether Black's convictions for aggravated murder and endangering of Kymshia were allied offenses of similar import and because the record did not contain sufficient factual information that would permit this court to complete an allied offenses of similar import analysis, plain error had occurred. This court sustained the first assignment of error, reversed the sentences as to the aggravated murder and endangering of Kymshia convictions and remanded the case to the trial court.[1] This court found that the second assignment of error, which challenged Black's sentence, was moot. *Black*, 2013-Ohio-4908 at ¶ 24.

{¶7} Black appealed our decision to the Ohio Supreme Court. The court accepted her discretionary appeal. *State v. Black*, 138 Ohio St.3d 1447, 2014-Ohio-1182, 5 N.E.3d 666. The Ohio Supreme Court subsequently decided

*State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, which affirmed in part and

---

[1] This court further found that because the remaining counts were offenses committed against separate victims, those counts were not allied offenses of similar import. *Black*, 2013-Ohio-4908 at ¶ 22.

reversed in part this court's prior holding in *Rogers*, 2013-Ohio-3235.

{¶8} In *Rogers*, the Ohio Supreme Court found that an appellant forfeits his or her allied offenses claim for appellate review by failing to seek the merger of his or her convictions as allied offenses of similar import in the trial court. *Rogers*, 2015-Ohio-2459 at ¶ 21. An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, which is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. *Id.* at the syllabus. Moreover, unless an accused shows a reasonable probability that his or her convictions are allied offenses of similar import committed with the same conduct and without a separate animus, he or she cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error. *Id.*

{¶9} Based on its holding in *Rogers*, 2015-Ohio-2459, the Ohio Supreme Court reversed our decision: "The judgment of the court of appeals is reversed, and the cause is remanded to that court for further proceedings on the authority of *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459." *State v. Black*, Slip Opinion No. 2015-Ohio-3925, ¶ 1.

{¶10} Thus, we now reconsider Black's original two assignments of error. In her first assignment of error, because Black failed to ask the trial court for an allied offenses analysis, she has waived all but plain error and must show a reasonable probability that her convictions are allied offenses of similar import committed with the same conduct and without a separate animus.

{¶11} Under Ohio law, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may

contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). However, where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his or her "conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B).

{¶12} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court recently clarified the test a trial court and a reviewing court must employ in determining whether offenses are allied offenses that merge into a single conviction, concluding that "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. Thus,

> [i]f any of the following is true, the offenses cannot merge and the defendant may
> be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in
> import or significance—in other words, each offense caused separate, identifiable
> harm, (2) the offenses were committed separately, and (3) the offenses were
> committed with separate animus or motivation.

*Id.* at ¶ 25. The court also concluded that "a defendant's conduct that constitutes two or more offense against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.* at ¶ 26.

{¶13} Black was convicted in Count 2 of the aggravated murder of Kymshia, in violation of R.C. 2903.01(C). R.C. 2903.01(C) provides that: "No person shall purposely cause the death

of another who is under thirteen years of age at the time of the commission of the offense." She was also convicted in Count 8 of endangering Kymshia, in violation of R.C. 2919.22(A). R.C. 2919.22 states: "No person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The indictment lists the date of both offenses as "on or about May 17, 2012."

{¶14} In *Black*, 2013-Ohio-4908, we stated that

> [o]ur first part of the inquiry, whether it is possible to commit one offense and commit the other with the same conduct, shows that it is possible to commit both aggravated murder, R.C. 2903.01(C), and child endangering, R.C. 2919.22(A), with the same conduct. * * * Thus, * * * it would appear that these two convictions would merge.

*Id*. at ¶ 17. But the *Ruff* court stated that

> [r]ather than compare the elements of two offenses to determine whether they are allied offenses of similar import, the analysis must focus on the defendant's conduct to determine whether one or more convictions may result because an offense may be committed in a variety of ways and the offenses committed may have different import.

*Id.* at ¶ 30.

{¶15} To determine whether the two offenses were allied offenses of similar import, we consider the parties' arguments and statement of facts from *Black*, 2013-Ohio-4908, ¶ 18-20:

> Black contends that the facts as they can be gleaned from the plea and sentencing hearings, presentence report, and clinical evaluations show that both the aggravated murder and child endangering occurred at about the same time to the same victim. According to Black, the offenses should merge because both involved recklessness that resulted in Kymshia's death. The state counters that Black's actions on the evening of May 17 constituted separate behavior and results, in part, because Black had a daily habit of smoking PCP and "the very fact that she exposed her children to drugs and her behavior on the drugs constitute child endangering"; therefore, the convictions should not merge.
>
> Our review of the trial court record, which includes the transcript from the plea

and sentencing hearings, the presentence investigation report, and the court psychiatric reports, shows that on May 17, 2012, Black, a habitual drug user, was partying with three or four friends. At some point, she smoked a cigarette laced with PCP and her friends may have also consumed PCP. Black was sitting in her longtime friend Swain's car and Swain was in the driver's seat. Black became upset with Swain because, according to Black, she thought Swain had just murdered her (Black's) four children. Black took out a razor blade and fatally cut Swain's throat. Eyewitnesses also saw her get out of the car and punch Swain through the driver side window. Black then took or cut off her own clothes and walked up to the porch of her house.

Naked, Black got her four children off the porch. Witnesses stated that Black took one-year-old Teraji in her arms and two-year-old Kymshia by the hand. Black's two older children walked in front of her. While walking away from the scene, Swain's car began to move and hit Black, Teraji, and Kymshia. Kymshia suffered fatal injures and Teraji was hospitalized for her injuries. The car then struck the house across the street. It is unclear from the record before us at what point during this incident Swain died.

{¶16} Pursuant to a plain error analysis and the facts that we have before us, Black has failed to demonstrate a reasonable probability that she was convicted of allied offenses of similar import committed with the same conduct and with the same animus, and she therefore has failed to show any prejudicial effect on the outcome of the proceeding.

{¶17} It is reasonable in this case that the trial court inferred that Black committed the crime of endangering Kymshia at any point on or about May 17, 2012, that she was in the child's presence and consuming drugs, or when she left Kymshia in the house with her young siblings so she could use PCP in Swain's car. It is also entirely reasonable for the trial court to infer that Black created a substantial risk to the health or safety of the child when she lethally attacked another person in her driveway or the moment she took the child by the hand and led her off the

porch but before the child was hit by Swain's car, which is when the crime of aggravated murder occurred. Thus, we find that the trial court did not commit plain error by not merging these offenses.

**{¶18}** The first assignment of error is overruled.

**{¶19}** In the second assignment of error, Black argues that the trial court failed to consider the all mandatory sentencing factors. We disagree.

**{¶20}** R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard for review is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [a reviewing court] may vacate the sentence and remand the matter to the sentencing court for re-sentencing."

**{¶21}** A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶22}** R.C. 2929.11(A) provides that

[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

Under R.C. 2929.12(A), trial courts must consider a nonexhaustive list of factors, including the seriousness of the defendant's conduct, the likelihood of recidivism, and "any other factors that are relevant to achieving those purposes and principles of sentencing."

{¶23} Black does not contend that her sentence was contrary to law, instead she argues that the trial court should have taken into consideration her mental health and mitigating factors, such as Black's claim that Swain gave her the PCP and she showed remorse for Swain's death.

{¶24} In sentencing Black, the trial court stated, in pertinent part:

The overriding purposes and principles of felony sentencing pursuant to statute are to protect the public and punish the offender. There's no sentence in the world that can restore the lives that were lost here, unfortunately. In determining how to achieve the statutory goals set forth in felony sentencing, this court is required to consider the statutory factors that indicate whether you are likely or unlikely to reoffend, that's called recidivism, and if the conduct in which you engaged in is more or less serious than conduct that ordinarily constitutes the offense.

With respect to whether you are likely to reoffend, this Court is considering the factors set forth in 2929.12 of the Ohio Revised Code. The factors that indicate that you are indeed likely to reoffend include your juvenile history of delinquency, your adult record of conviction of both misdemeanor and felony convictions, your noncompliance on supervision, repeatedly violating supervision, and evidence of an obvious drug problem that remains unaddressed.

* * *
I do find statutorily that you are likely to reoffend. I will also note for the record that a risk assessment was completed by the probation department and you were determined to be a high risk of reoffending after that assessment was done by the probation department.

As far as the seriousness factors that are included in 2929.12, of course it doesn't get any more serious than the loss of life, but when you think about the loss of such a tender, young life that had so much, so much potential and because of your choices that you made over and over and over, Ms. Black, your child didn't even get to see the age of three. All four of your children got victimized here at your hands because of your selfish behavior.

* * *

Your relationship with the victims facilitated this offense. You of all people should be the one person in the world that your children could rely upon for protection, for support, for nurturing. You betrayed all of that. You violated all of that. So the crime statutorily speaking and just by the dictates of common sense does not get any more serious than this.

I don't disagree with the state that there sounded like there's misplacement of blame. Again, for the record, I am looking at the totality of what you have said here today, but I have to say listening to Sharice Swain's brother, this was absolutely senseless. Couldn't agree any more. A lot of suffering, no question about it. You brought it all on. You brought it onto the victim's family, you brought it onto -- families, and you brought it onto yours.

* * *

[I]t's as serious as it gets. It's not just limited to the families of the victims here as far as the suffering is concerned, but I did note in the reports that I read here that there were juvenile witnesses that saw the whole thing go on. It's a horrific scene.

It's about as horrific as one can imagine and kids saw this happen. For the reasons that this Court stated on the record, [the court] finds that consecutive sentences are necessary to achieve the purposes of felony sentencing.

{¶25} In light of the above, Black has not affirmatively demonstrated that the trial court failed to consider the requisite statutory factors in sentencing her. Therefore, the second assignment of error is overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR